UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KENNETH BERNARD CALDWELL,

               Petitioner,

v.                                    Case No. 3:05-cv-333-J-32MCR

JAMES R. MCDONOUGH,[1] et al.,

               Respondents.

_____

## ORDER[2]

### I. Status

Petitioner, an inmate of the Florida penal system who is proceeding pro se, initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on April 18, 2005. He is proceeding on an Amended Petition (Doc. #8), in which he challenges his 1999 state court (Duval County) conviction for unarmed robbery on two grounds. Specifically, he contends that his trial counsel was ineffective for failing to: (1) request that the jury be instructed on the lesser included offense of resisting a merchant; and, (2) strike a biased prospective juror.

---

[1] James R. McDonough, the Secretary of the Florida Department of Corrections, is substituted as the proper party Respondent for James V. Crosby, Jr., pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

[2] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the matter addressed herein and is not intended for official publication or to serve as precedent.

On September 20, 2005, Respondents filed an Answer to Petition for Writ of Habeas Corpus (Doc. #14) (hereinafter Response). Respondents also filed an Appendix (Doc. #15) (hereinafter App.) in support of their Response.  Petitioner's Reply to Respondents' Answer to Petition for Writ of Habeas Corpus (Doc. #17) was filed on October 25, 2005.  Thus, this case is ripe for review.[3]

## II.  Evidentiary Hearing

A habeas corpus petitioner is entitled to an evidentiary hearing in federal court if he alleges facts which, if proven, would entitle him to habeas corpus relief.  Smith v. Singletary, 170 F.3d 1051, 1053-54 (11th Cir. 1999) (citation omitted); Cave v. Singletary, 971 F.2d 1513, 1516 (11th Cir. 1992) (citing Townsend v. Sain, 372 U.S. 293 (1963)).  Here, the pertinent facts of the case are fully developed in the record before the Court.  The Court can "adequately assess [Petitioner's] claim[s] without further factual development."  Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).  Therefore, an evidentiary hearing will not be conducted by this Court.

## III.  Standard of Review

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-

---

[3] The state court procedural history is set forth fully in the Response, see Response at 2-4, and will not be repeated herein since Respondents concede that this action was timely-filed and that Petitioner exhausted his claims in state court.

132, 110 Stat. 1214 (hereinafter AEDPA).  Since this action was filed after the effective date of AEDPA, the Court will analyze Petitioner's claim under 28 U.S.C. § 2254(d), as amended by AEDPA.

> The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this [action] and limits our review of the decisions of the state courts:
>
> > A federal court may not grant a petition for a writ of habeas corpus to a state prisoner on any claim that has been adjudicated on the merits in state court unless the adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in state court.
>
> Clark v. Crosby, 335 F.3d 1303, 1307-08 (11th Cir. 2003) (citations omitted). . . .

Diaz v. Sec'y for the Dep't of Corr., 402 F.3d 1136, 1141 (11th Cir.), cert. denied, 126 S.Ct. 803 (2005).  Furthermore, AEDPA also directs that a presumption of correctness be afforded to factual findings of state courts, which may be rebutted only by clear and convincing evidence.  See 28 U.S.C. § 2254(e)(1).

Finally, for a state court's resolution of a claim to be an adjudication on the merits, so that the state court's determination will be entitled to deference for purposes of federal habeas corpus review under AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's

rationale for such a ruling.   Wright v. Sec'y for the Dep't of
Corr., 278 F.3d 1245, 1255 (11th Cir. 2002), cert. denied, 538 U.S.
906 (2003).   Thus, to the extent that Petitioner's claims were
adjudicated on the merits in the state courts, they must be
evaluated under the new § 2254(d).

### IV. The Evidence at Trial

In the initial brief on direct appeal, Petitioner's appellate
counsel summarized the evidence presented at trial as follows:

> Christopher Holmes testified that he is a
> junior assistant manager at Winn-Dixie and
> that he was robbed by appellant on the early
> morning hours of June 20, 1999.  The store was
> closed briefly so the floors could be done.
> Appellant came up to the door and asked if
> they were closed.  Mr. Holmes said yes and
> appellant left.   After the floors were
> finished the store was reopened and appellant
> came in with two or three other customers.
> Appellant proceeded to shop.  He placed his
> items on the conveyor belt and proceeded to
> the register.  Appellant then said, "Okay, you
> know what this is, go ahead and open the
> register and give me all the money."  Mr.
> Holmes proceeded to do the transaction.  He
> could not tell what appellant was pointing to
> under his shirt.  Holmes thought it was a gun
> because he said, "Hurry up or I'm going to
> blow your mother fucking head off."   Mr.
> Holmes started handing appellant the money and
> appellant told him to move out of the way and
> walk to the back of the store.  He also stated
> to not turn around or he would blow his mother
> fucking head off.  Mr. Holmes left and went to
> the back of the store.  Subsequently, the
> police took custody of the [items] on the
> conveyor belt.  Detective Strickland showed
> Mr. Holmes some photos two or three days
> later.  Mr. Holmes made an identification of
> the [appellant's] picture as the person who
> robbed him.  (T 17-24)

Jennifer Kayter, an evidence technician with the Jacksonville Sheriff's Office, testified that she was called to Winn-Dixie on University Boulevard. There was a pizza box and a breakfast cereal bars box left on the conveyor belt. It was a Snack Wells cereal bars box and a Prestigo pizza box. She dusted the boxes and lifted six cards of prints. The latent lift card was submitted to the fingerprint examiner. (T 33, 35-36, 38-39) Tom Howell, a latent print examiner with the Jacksonville Sheriff's Office, testified that he compared the latent lift card with inked impressions from appellant. On the latent lift card there was a latent print that he identified to the number 9 or left ring finger of appellant. (T 41-42, 47-49)

Gregory Strickland, of the Jacksonville Sheriff's Office, testified that after advising appellant of his rights, he agreed to talk with him. Strickland asked appellant for a written statement to which he agreed. In his written statement, appellant wrote that, "I went into the store and got a cap pistol and put it under my shirt and requested him to give me the money." This was signed by appellant. The statement was in reference to the Winn-Dixie at 5909 University Boulevard West in Jacksonville. Strickland subsequently showed a photo line-up to Mr. Holmes who identified appellant as the suspect in this robbery. (T 57, 59-62, 64)

App. D at 2-4.

## V. Findings of Fact and Conclusions of Law

As noted previously, Petitioner claims that trial counsel was ineffective for failing to: (1) request that the jury be instructed on the lesser included offense of resisting a merchant; and, (2) strike a biased prospective juror. "The Sixth Amendment guarantees criminal defendants effective assistance of counsel. That right is

denied when a defense counsel's performance falls below an objective standard of reasonableness and thereby prejudices the defense." Yarborough v. Gentry, 540 U.S. 1, 5 (2003) (per curiam) (citations omitted).  The Eleventh Circuit captured the essence of an ineffectiveness claim:

> [A] petitioner must show that his lawyer's performance fell below an "objective standard of reasonableness" and that the lawyer's deficient performance prejudiced the petitioner. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).  Establishing these two elements is not easy:  "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Waters v. Thomas, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc) (quoting Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994)).
>
> For assessing a lawyer's performance, Chandler v. United States, 218 F.3d 1305 (11th Cir. 2000) (en banc) cert. denied, 531 U.S. 1204, 121 S.Ct. 1217, 149 L.Ed.2d 129 (2001), sets out the basic law: "Courts must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment." Id. at 1314 (internal marks omitted). . . . Our role in reviewing an ineffective assistance claim is not to "grade" a lawyer's performance; instead, we determine only whether a lawyer's performance was within "the wide range of professionally competent assistance." See Strickland, 104 S.Ct. at 2066.
>
> The inquiry into whether a lawyer has provided effective assistance is an objective one:  a petitioner must establish that no objectively competent lawyer would have taken the action that his lawyer did take." See Chandler, 218 F.3d at 1315. . . .

6

> A petitioner's burden of establishing
> that his lawyer's deficient performance
> prejudiced his case is also high. "It is not
> enough for the [petitioner] to show that the
> errors had some conceivable effect on the
> outcome of the proceeding. Virtually every
> act or omission of counsel would meet that
> test." Strickland, 104 S.Ct. at 2067.
> Instead, a petitioner must establish that a
> reasonable probability exists that the outcome
> of the case would have been different if his
> lawyer had given adequate assistance. See id.
> at 2068.

Van Poyck v. Florida Dep't of Corrections, 290 F.3d 1318, 1322-23

(11th Cir. 2002) (per curiam) (footnotes omitted), cert. denied,

537 U.S. 812 (2002), 537 U.S. 1105 (2003).

In sum, "[w]ithout proof of both deficient performance and

prejudice to the defense, . . . it could not be said that the

sentence or conviction 'resulted from a breakdown in the adversary

process that rendered the result of the proceeding unreliable,' and

the sentence or conviction should stand." Bell v. Cone, 535 U.S.

685, 695 (2002) (internal citation omitted) (quoting Strickland v.

Washington, 466 U.S. 668, 687 (1984)).

Petitioner raised these two claims in state court as grounds

two and three in a motion for post-conviction relief filed pursuant

to Fla. R. Crim. P. 3.850. In the order denying the motion, the

trial court identified Strickland as the controlling legal

authority, and adjudicated the two claims as follows:

> In ground two, Defendant asserts that
> counsel rendered ineffective assistance by
> failing to request a permissive lesser
> included jury instruction of "resisting a

merchant" for the charged offense.  In <u>Sanders
v. State</u>, 847 So. 2d 504 (Fla. 1st DCA 2002),
the First District Court of Appeal held that
counsel's failure to request a jury
instruction on a one-step removed lesser
included offense did not amount to ineffective
assistance of counsel.  This Court notes that
the Court instructed the jury on the lesser
included offenses of Attempted Robbery, a
felony of the third-degree and Theft, a
second-degree misdemeanor.  (Exhibit "C,"
pages 116-118.)  Upon receipt of the case, the
jury disregarded the lesser third-degree
felony and chose to convict Defendant of the
second-degree felony.  Accordingly, since the
jury had the opportunity to convict Defendant
of a third-degree felony or a second-degree
misdemeanor and chose to convict Defendant of
the second-degree felony, this Court finds
that counsel's failure to request an
instruction [on] resisting a merchant,
constitutes harmless error and Defendant has
failed to establish prejudice to his case.
<u>State v. Abreau</u>, 363 So. 2d 1063 (Fla. 1978);
<u>Sanders</u>.

In ground three, Defendant asserts that
counsel rendered ineffective assistance by
failing to strike [a] prospective juror based
upon her inability to be an impartial and
unbiased juror because of a prior criminal
experience. In <u>Jenkins v. State</u>, 824 So. 2d
977 (Fla. 4th DCA 2002)[,] the Fourth District
Court of Appeal held that:

> [a]fter trial, the <u>Strickland</u>
> requirement of actual prejudice
> imposes a more stringent test before
> a new trial can be ordered for the
> failure to object to a person's
> service on a jury.  It is whether
> the lawyer's failure to raise a
> challenge resulted in a biased juror
> serving on the jury.  The nature of
> the juror's bias should be patent
> from the face of the record.  Only
> where a juror's bias is so clear can
> a defendant show the necessary

prejudice under Strickland, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.["[4]]

In this context, the search for a biased juror in a 3.850 proceeding is analogous to the search for fundamental error on direct appeal. The seating of a biased juror is the type of problem to which a trial judge must be sensitive, even in the absence of an objection. If an objection to a juror's qualifications can be waived by failing to make a timely objection, the error is not a fundamental one. And if a lawyer's "error" regarding a juror's qualifications is not so serious as to be the equivalent of fundamental error, then post-conviction relief is not appropriate.

Jenkins, 824 So. 2d at 982-983 (citations omitted).  Upon review of the jury selection transcripts, this Court notes that counsel questioned whether Ms. Holoka would have [a] problem being fair or impartial and Ms. Holoka answered in the negative.  (Exhibit "D," pages 33-34.)  Therefore, this Court finds that the record is absent of any patent bias from Ms. Holoka.  Accordingly, this Court finds that Defendant has failed to establish error by counsel or prejudice to his case.

App. V at 105-07.

---

[4] Strickland, 466 U.S. at 694.

This claim was rejected on the merits by the trial court, and upon Petitioner's appeal of the order denying the motion, the appellate court per curiam affirmed the trial court's order. <u>See</u> App. Y. Thus, there are qualifying state court decisions from both the state trial and appellate courts. The Court must next consider the "contrary to" and "unreasonable application" components of the statute. "It is the objective reasonableness, not the correctness <u>per</u> <u>se</u>, of the state court decision that we are to decide." <u>Brown v. Head</u>, 272 F.3d 1308, 1313 (11th Cir. 2001), <u>cert</u>. <u>denied</u>, 537 U.S. 978 (2002).

Upon a thorough review of the record and the applicable law, it is clear that the state courts' adjudications of these claims were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Petitioner is not entitled to relief on the basis of these two claims.

Furthermore, this Court also finds these claims to be without merit for the reasons stated by the Respondents in their Response. <u>See</u> Response at 9-13; <u>see</u> <u>also</u> <u>Harris v. Crosby</u>, No. 05-10962, 2005 WL 2114128, at *2 (11th Cir. Sept. 2, 2005) (rejecting an ineffective assistance of counsel claim, finding that the appellant had not shown he was prejudiced by counsel's failure to request an

instruction on a lesser included offense because the appellant's "assertions that he would have been convicted of the lesser included offense, as opposed to the greater offense, are pure speculation-speculation both that the state trial court would have decided to instruct the jury on the lesser included offense and that the jury, if instructed on the lesser included offense, would have convicted on it instead of the higher offense.").

Accordingly, for the above-stated reasons, the Amended Petition will be denied, and this case will be dismissed with prejudice.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.   The Amended Petition (Doc. #8) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2.   The Clerk of the Court shall enter judgment denying the Amended Petition and dismissing this case with prejudice.

3.   The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 19th day of February, 2007.

TIMOTHY J. CORRIGAN
United States District Judge

11

ps 1/29
c:
Kenneth Bernard Caldwell
Counsel of Record